UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. CARBULLIDO, et al.,<br><br>　　　　　Defendants. | No.  2:19-cv-2550 KJM CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

/////

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Also, plaintiff asks that discovery be reopened. Discovery closed last September. Because plaintiff fails to indicate why more discovery is necessary and fails to adequately explain his delay in seeking more discovery, his request will be denied.

Finally, the court notes that defendants' motion for summary judgment is submitted to the court for decision. Plaintiff filed a sur-reply with respect to the motion and defendants have filed a motion to strike the sur-reply. With respect to motions, the Local Rules permit an opposition and a reply. Local Rule 230(l). Sur-replies are generally not permitted, and plaintiff fails to point to any reason why he should have been permitted to file a sur-reply. Accordingly, the sur-reply will be stricken.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 62) is denied.

2. Plaintiff's motion to reopen discovery (ECF No. 62) is denied.

3. Defendant's motion to strike the sur-reply filed by plaintiff on February 24, 2023 (ECF No. 61) is granted. The sur-reply (ECF No. 60) is stricken.

Dated: April 28, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/hh
tayl2550.31.new

2