1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH LEE TAYLOR,                          No.  2:19-cv-2550 KJM CKD P

12                        Plaintiff,

13           v.                                      FINDINGS AND RECOMMENDATIONS

14    J. CARBULLIDO, et al.,

15                        Defendants.

16

17          Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

18    rights under 42 U.S.C. §1983.  This action is proceeding on a claim for damages arising under the

19    First Amendment against defendants Hodgers and Carbullido (defendants) with respect to

20    plaintiff's allegations that they refused to permit plaintiff to solicit representation of counsel via a

21    private telephone call.  ECF Nos. 18 & 26.  Defendants have filed a motion for summary

22    judgment.[1]

23    /////

24    _____

25    [1]  In the motion, defendants suggest this action proceeds not only on a "free-speech" First
      Amendment claim, but also a "access to courts" claim.  ECF No. 53-1 at 2.  On March 24, 2021,
26    the district court judge assigned to this case, pursuant to a recommendation made by this court,
      dismissed all claims "other than a claim arising under the First Amendment against defendants
27    Hodgers and Carbullido with respect to plaintiff's allegations that they refused to permit plaintiff
      to solicit representation of counsel via a private telephone call . . ."  This claim concerns denial of
28    communication with an attorney, not denial of access to courts.

                                                     1

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ."  Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

/////

2

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III.  Applicable First Amendment Law

Prisoners have a First Amendment right to telephone calls subject to reasonable restrictions generally related to security.  Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986).  The First Amendment protects a person's right to consult with an attorney, and an important part of the right to legal advice is confidentiality.  Denius v. Dunlap, 209 F.3d 944, 954 (7th Cir. 2000).  As suggested above, the First Amendment does not demand unrestricted and unlimited contact with counsel.  Prison officials may restrict prisoner contact with counsel as long as the restrictions reasonably relate to legitimate penological interests.  See Turner v. Safley, 482 U.S. 78, 89 (1987).  A one-time denial of a telephone call by a prisoner does not amount to a violation of the First Amendment.  Sonsini v. Lebanon County, 1:20-cv-00392, 2021 WL 602734, at *20 (M.D. PA. Feb. 26, 2021); Robinson v. Danberg, 729 F. Supp. 2d. 666, 683 (D. Del.

2010); See <u>Mack v. Schroeder</u>, No. 17-cv-1638 pp, 2018 WL 4178179, at *2 (E.D. Wis. Aug 30, 2018) (at best, two prison officials violated prison rules by denying plaintiff a single phone call, but not the First Amendment); <u>Mckinney v. Cucinella</u>, No. 15-7442 (KM) (MAH), 2016 WL 3191241, at *4 (D.N.J. June 2, 2016) (plaintiff not being "permitted a phone call to one particular person on one particular day" . . . "does not rise to the level of a constitutional violation"); <u>Nelson v. D.C.</u>, 928 F. Supp. 2d 210, 215 (D.D.C. 2013) ("The fact that the Plaintiff was denied one telephone call and stationery for the brief time that he was in the Safe Cell fails to implicate the First Amendment's right of free speech or right to redress grievances.").

II. <u>Plaintiff's Allegations</u>

In his August 10, 2020, amended complaint plaintiff alleges as follows under the penalty of perjury: On March 30, 2018, while plaintiff was imprisoned at California State Prison Solano (CSP Solano), plaintiff was scheduled to have a private telephone conversation with attorney Mathew Strugar of Los Angeles pertaining to four federal lawsuits, three of which were against California Department of Corrections and Rehabilitation (CDCR) officials. The call was scheduled by the CSP Solano litigation coordinator to occur inside the office of defendants Carbullido and Hodgers who were counselors at CSP Solano. Plaintiff sought to retain Strugar and at least one of the lawsuits involved both defendants. Plaintiff had been seeking representation for several years and it was rare that an attorney would even agree to speak with plaintiff about the potential for representation over the phone.

Plaintiff arrived at the office shortly before the meeting and asked that defendants step outside as the phone call was scheduled to be private. Both Carbullido and Hodgers refused to the leave the office. Carbullido informed defendant that if plaintiff wished to have a private conversation with Mr. Strugar, Mr. Strugar was welcome to come to CSP-Solano. Mr. Strugar called at 9:00 a.m. and Carbullido told Strugar what he told plaintiff. At that point, the phone call ended. After the call ended, Carbullido showed plaintiff a note she had written to the litigation coordinator who had scheduled the phone call informing the litigation coordinator of Carbullido's refusal to leave her office during the call and that such calls should not be scheduled to occur in her office in the future.

Plaintiff does not indicate that he returned to the litigation coordinator seeking a second phone call with attorney Strugar, or that he requested facilitation of some other reasonably appropriate form of private conversation.

III. <u>Defendant's Arguments and Analysis</u>

Defendants essentially admit plaintiff's allegations but clarify why plaintiff was not permitted to sit in their office unattended for his phone call.  In her declaration, defendant Carbullido indicates as follows:

> Because our office contained our personal items, computers, and confidential inmate-related files and our desks were not equipped with locks, we were unable to leave Taylor unattended in our office during the phone call. Also, the window on our door was covered with film, so anyone outside the office cannot completely see what is inside. To the best of my recollection, I told Taylor before the call took place, that our office was not a secure location where an inmate could be left unattended, so if he needed a confidential phone call, he could either reschedule it or have his attorney visit him.

ECF No. 53-4 at 2.

Defendant Hodgers adds that Hodgers and Carbullido could not leave their office because there was no other suitable workstation for them at that time.  ECF No. 53-5 at 2.

In his declaration attached to his opposition to defendants' motion for summary judgment, plaintiff indicates that had Hodgers and Carbullido elected to stand outside of their office for the duration of the phone call, they had an unobstructed view into the office through a picture window.  ECF No. 55-1 at 4.

After considering the relevant law and considering all evidence in the light most favorable to plaintiff, the court finds that there is no genuine issue of material fact as to whether plaintiff's First Amendment rights were violated.  As indicated above, inmates have a First Amendment right to telephone calls, and to consult with an attorney in private.  However, a one-time denial of a private telephone conversation with an attorney an inmate is attempting to retain does not rise to the level of a violation of the First Amendment.  And nothing suggests that what occurred was going to result in more than a one-time denial had plaintiff utilized the appropriate channels.  The litigation coordinator at plaintiff's prison attempted to accommodate the confidential

/////

1  conversation.  Nothing suggests plaintiff returned to the litigation coordinator seeking facilitation

2  of a second call after defendants did not allow the first to be in private.

3       Plaintiff seems to suggest that attorney Strugar was not inclined to proceed further in

4  terms of discussing his representation of plaintiff after denial of the first phone call so, had

5  plaintiff sought another call, it would not have mattered.  But Strugar's stance cannot turn an

6  otherwise defective claim into a viable one.  The First Amendment guarantees a level of access,

7  but that level is not necessarily dictated by the desires of the attorney an inmate seeks to consult,

8  and a finding that only the phone call scheduled would have satisfied plaintiff's First Amendment

9  rights is not reasonable.  Without any evidence that plaintiff being denied the opportunity to

10  consult with an attorney over the phone was anything more than a one-time denial, defendants are

11  entitled to summary judgment.

12       Defendants also assert they are entitled to summary judgment under the "qualified

13  immunity" doctrine.  The court agrees.  "Government officials enjoy qualified immunity from

14  civil damages unless their conduct violates 'clearly established statutory or constitutional rights of

15  which a reasonable person would have known.'"  Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.

16  2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  In analyzing a qualified

17  immunity defense, the court must consider the following: (1) whether the alleged facts, taken in

18  the light most favorable to the plaintiff, demonstrate that defendant's conduct violated a statutory

19  or constitutional right; and (2) whether the right at issue was clearly established at the time of the

20  incident. Saucier v. Katz, 533 U.S. 194, 201 (2001).  Here defendants' actions did not violate the

21  First Amendment and there is no clearly established law suggesting they did.

22       In accordance with the above, IT IS HEREBY RECOMMENDED that:

23       1.  Defendants' motion for summary judgment (ECF No. 53) be granted; and

24       2.  This case be closed.

25       These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

27  after being served with these findings and recommendations, any party may file written

28  objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 9, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
tayl2550.msj