UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR, | No. 2:19-cv-02550 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. CARBULLIDO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 9, 2023, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey,* 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court finds the findings and recommendations to be

1

1 supported by the record and by the proper analysis as to plaintiff's First Amendment free speech
2 claim.

3       However, the magistrate judge did not address plaintiff's First Amendment access to
4 courts claim.  *See* F. & R. at 1 n. 1, ECF No. 2.  As the magistrate judge notes in a footnote, in
5 accordance with the magistrate judge's recommendation, this court dismissed all claims "other
6 than a claim arising under the First Amendment against defendants Hodgers and Carbullido with
7 respect to plaintiff's allegations that they refused to permit plaintiff to solicit representation of
8 counsel via a private telephone call."  *See* Prior Order at 2, ECF No. 26.  Neither this court nor
9 the magistrate judge specified whether the First Amendment claim was limited to plaintiff's rights
10 to free speech, access to courts, or both.  *See* Prior F. & R. at 1, 4, ECF No. 18.  As the magistrate
11 judge noted in a prior screening order, a prisoner has a First Amendment right to access the
12 courts.  *See* Screening Order at 3, ECF No. 6 ("To the extent plaintiff alleges he was deprived of
13 his First Amendment right to access the courts by being denied a confidential telephone
14 conversation with an attorney concerning the possibility of the attorney representing plaintiff in
15 certain civil matters, plaintiff must point to an actual injury . . . ."); *see also Bill Johnson's Rest.,*
16 *Inc. v. N.L.R.B.*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the
17 First Amendment right to petition the Government for redress of grievances."); *Hydrick v.*
18 *Hunter*, 500 F.3d 978, 999 (9th Cir. 2007), *vacated on other grounds*, 556 U.S. 1256 (2009)
19 ("The right of access to courts has been found to encompass the right to talk in person and on the
20 telephone with counsel in confidential settings[.]").  Therefore, the court remands this matter back
21 to the magistrate judge to issue findings and recommendations as to plaintiff's First Amendment
22 access to courts claim.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on August 9, 2023 (ECF No. 69), are **adopted in part**;
2. Defendants' motion for summary judgment (ECF No. 53) is **granted in part** as to plaintiff's First Amendment free speech claim; and
3. This matter is referred back to the magistrate judge to issue findings and recommendations as to defendants' motion for summary judgment on plaintiff's First Amendment access to courts claim.

DATED: September 29, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE