UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>J. CARBULLIDO, et al.,<br><br>Defendants. | No. 2:19-cv-2550 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Pursuant to 28 U.S.C § 1915A(a), the court is required to screen pleadings filed by prisoners. During screening, this court found that plaintiff could proceed "on a claim arising under the First Amendment against defendants Hodgers and Carbullido with respect to plaintiff's allegations that they refused to permit plaintiff to solicit representation of counsel via a private telephone call." ECF No. 18. On March 24, 2021, the district court judge assigned to this case agreed that this action would proceed on the claim identified above and dismissed all other defendants and claims.

Defendants filed a motion for summary judgment with respect to the claim. In the motion, defendants argued against two distinct claims: one arising under the Free Speech Clause of the First Amendment and one arising under the Petition the Government for Redress of Grievances

/////

1

Clause, also in the First Amendment, for denial of access to courts. The court responded to defendants' identification of two distinct claims as follows:

> On March 24, 2021, the district court judge assigned to this case, pursuant to a recommendation made by this court, dismissed all claims "other than a claim arising under the First Amendment against defendants Hodgers and Carbullido with respect to plaintiff's allegations that they refused to permit plaintiff to solicit representation of counsel via a private telephone call . . ." This claim concerns denial of communication with an attorney, not denial of access to courts.

The court recommended that summary judgment be granted as to plaintiff's remaining claim on August 9, 2023. On September 29, 2023, the district court judge assigned to this case granted summary judgment with respect to "plaintiff's First Amendment free speech claim." However, the court also referred the matter back to this court to "issue findings and recommendations as to defendants' motion for summary judgment on plaintiff's First Amendment access to courts claim" believing that such a claim had been screened in. For the reasons which follow, the court recommends that defendants be granted summary judgment as to any denial of access to courts claim.

The right of access to courts includes an obligation that prison officials provide prisoner litigants with some assistance, which generally means providing inmates with a law library or access to persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). However, the right to assistance is not freestanding. A prisoner-plaintiff must allege that the denial of assistance resulted in an actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996). To establish actual injury an inmate might show, for example "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." Id. at 351. "Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." Id. A prisoner has no right to counsel in a civil case. Aidr Int., LLC v. Starr Indemnity and Liability Co., 994 F.3d 1032, 1038-39 (9th Cir. 2021).

/////

In the operative first amended complaint, plaintiff does not specifically assert a claim for denial of access to courts arising under the First Amendment.[1]  More importantly, he does not allege that he was denied physical access to a court, nor does he complain about inadequate assistance from anyone at his prison by virtue of his not being provided access to someone trained in the law or access to an adequate law library.  In fact, plaintiff identifies himself at least two times in his amended complaint as a "well known jailhouse lawyer." ECF No. 6 & 8.  For these reasons, with respect to inadequate assistance, a denial of access to courts claim is not stated in the first amended complaint.

In the remand order, the district court judge cites Hydrick v. Hunter, 500 F.3d 978, 999 (9th Cir. 2007) for the proposition that "[t]he right of access to courts has been found to encompass the right to talk in person and on the telephone with counsel in confidential settings[.]"  Essentially, in addition to having a right to assistance arising from the right to access courts, prisoner-plaintiffs appear to have a distinct right "to seek and receive the assistance of attorneys." Procunier v. Martinez, 416 U.S. 396, 420 (1974).  While technically this claim arises under the Petition the Government for Redress of Grievances Clause, the rights afforded under that clause and the Free Speech Clause are the same and subject to the same limitations.  See Hydrick, 500 F.3d at 999-1000 (right to speak with counsel privately on the telephone under the right to access courts is subject to "legitimate restrictions related to the purpose and circumstances of detention").  This being the case, the reasons defendants are entitled to summery judgment with respect to the free speech claim are the same reasons defendants are entitled to summary judgment as to the denial of access to courts claim.

/////
/////
/////
/////
/////

---

[1] Plaintiff does assert denial of access to courts arising under the Sixth Amendment, but the right to counsel in the Sixth Amendment applies only to criminal cases.

3

IT IS HEREBY RECOMMENDED that:

1. Defendants be granted summary judgment as to any remaining denial of access to courts claim; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 6, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
tayl2550.vac(2)