UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenneth Lee Taylor, | No. 2:19-cv-02550-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| J. Carbullido, et al., | |
| Defendants. | |

Plaintiff Kenneth Lee Taylor moves the court to reopen this case and consider his objections to the magistrate judge's findings and recommendations. The court **denies** the motion.

On October 6, 2023, the magistrate judge filed findings and recommendations. F. & R., ECF No. 71. Neither party filed objections to the findings and recommendations within fourteen days, as provided for in the order. On December 21, 2023, the court adopted the findings and recommendations, granted summary judgment in favor of defendants on plaintiff's access to the courts claim and closed the case. *See* Prior Order, ECF No. 72.

Plaintiff has now filed a motion to reopen the case. Mot., ECF No. 75. Plaintiff argues he submitted his objections to the findings and recommendations to the prison law library staff for copying on October 19, 2023, and therefore, met his filing deadline. *Id.* at 1. Plaintiff has also submitted his objections to the magistrate judge's findings and recommendations. Objs., ECF

1    No. 76. Defendants have filed an omnibus response to plaintiff's motion, Opp'n, ECF No. 78,
2    and plaintiff has filed an opposition to the omnibus response, Reply, ECF No. 79.

3            A prisoner's filing is considered filed at the moment it is delivered to prison officials for
4    forwarding to the court clerk. *See Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir.2001). Here,
5    plaintiff declares he submitted his objections to the prison law library staff for copying and
6    processing. Mot. at 1; Reply at 1, Reply Ex. A. It is unclear if he delivered objections to prison
7    officers for forwarding to the clerk's office. In any case, the court considers the motion and
8    objections as a motion for reconsideration under Federal Rule of Civil Procedure Rule 59(e)
9    because the motion was filed within 28 days of the entry of final judgment. *See Am. Ironworks &*
10   *Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

11           Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented
12   with newly discovered evidence, (2) committed clear error or the initial decision was manifestly
13   unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah*
14   *Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). This court's local rules also
15   govern reconsideration. They require the moving party to provide "what new or different facts or
16   circumstances are claimed to exist which did not exist or were not shown" or "what other grounds
17   exist for the motion" and "why the facts or circumstances were not shown at the time of the prior
18   motion." E.D. Cal. L.R. 230(j).

19           Plaintiff argues the fact that he submitted his objections to the prison officials for copying
20   and processing is new evidence and also argues the court committed clear error in deciding to
21   grant summary judgment in favor of defendants and close the case. Reply at 3. To rely on new
22   evidence, plaintiff must show three things: 1) the timing of the filing of the objections constitutes
23   "newly discovered evidence"; 2) plaintiff "exercised 'due diligence' to discover this evidence";
24   and 3) the newly discovered evidence is of "such magnitude that production of it earlier would
25   have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor*
26   *Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

27           Here, plaintiff's purported "new evidence" is not newly discovered evidence within the
28   meaning of Rule 59(e). The objections and evidence he relies on were available at the time of

summary judgment. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"). Moreover, the objections do not change the disposition of the case for the same reason the court finds there was no clear error.

"Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Having considered plaintiff's objections, the court finds there was no error, let alone clear error in granting summary judgment in favor of defendants.

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "The right of access to courts has been found to encompass the right to talk in person and on the telephone with counsel in confidential settings[.]" *Hydrick v. Hunter*, 500 F.3d 978, 999 (9th Cir. 2007), *vacated on other grounds*, 556 U.S. 1256 (2009). To prevail on an access to the courts claim, an inmate must show actual injury. *Lewis*, 518 U.S. at 349. This element is jurisdictional and derives from the doctrine of standing. *Id.* "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351. It also cannot be met by "just any type of frustrated legal claim." *Id.* at 354. Rather, plaintiff must show defendants "hindered his efforts to pursue a [nonfrivolous] legal claim." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), *vacated on other grounds*, 555 U.S. 1150 (2009) (quoting *Lewis*, 518 U.S. at 351–53 & n.3). For example, a plaintiff may be able to show actual injury by showing some kind of interference resulting in an inability to file a complaint or bring a claim, meet a filing deadline, or dismissal of a case. *See Lewis*, 518 U.S. at 348–51.

Here, plaintiff has not shown a one-time denial of a confidential phone call with an attorney he had not yet retained resulted in actual injury. Plaintiff does not explain how the denial of the phone call prejudiced him nor has he provided facts to show he sustained an injury. It is unclear how this one incident prevented him from bringing a nonfrivolous claim or caused

him to miss a filing deadline or otherwise hindered meaningful access to the courts.  *See Mungia v. Sheriff's Dep't*, No. 21-1641, 2022 WL 183373, at *2 (E.D. Cal. Jan. 20, 2022) (plaintiff who did not indicate how "one denial of communication with his lawyer prejudiced him" and did not include "facts demonstrating he sustained an actual injury from this one-time deprivation" failed to state a claim); *cf. Lewis*, 518 U.S. at 348–51.  Because plaintiff has not shown actual injury, he does not have standing.  There are no material facts in dispute and the magistrate judge correctly recommended granting summary judgment in defendants' favor.  The motion to reopen the case is **denied**.

This order resolves ECF No. 75.

IT IS SO ORDERED.

DATED:  February 2, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE